**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| Anthony C Medina, | Civil Action No.: 5:21-cv-480 |
| Plaintiff, | |
| v. | |
| Convergent Outsourcing, Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Anthony C Medina, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Anthony C Medina ("Plaintiff"), is an adult individual residing in San Antonio, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

The Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington business entity with an address of 800 SW 39th Street, Renton, Washington 98057, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

5.    The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.    The Debt was purchased, assigned or transferred to Convergent for collection, or Convergent was employed by the Creditor to collect the Debt.

8.    The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    Convergent Engages in Harassment and Abusive Tactics**

9.    Within the last year, Convergent began calling Plaintiff in an attempt to collect the Debt.

10.    In early March 2021, Plaintiff told Convergent that he could not take calls while at work and requested that no calls be placed to him before 5 pm.

11.    Convergent assured Plaintiff that it would schedule the calls after 5 pm.

12.    Thereafter, Convergent continued to call Plaintiff at all hours during the day, causing inconvenience and frustration to Plaintiff.

**C.    Plaintiff Suffered Actual Damages**

13.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

14. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

17. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

18. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

19. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

22. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

26. The Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

27. The Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

28. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin.

       Code Ann. § 392.404(a);

7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 20, 2021

                            Respectfully submitted,

                            By:  */s/ Sergei Lemberg*

                            Sergei Lemberg, *Attorney-in-Charge*
                            Connecticut Bar No. 425027
                            LEMBERG LAW, L.L.C.
                            43 Danbury Road, 3rd Floor
                            Wilton, CT 06897
                            Telephone: (203) 653-2250
                            Facsimile:  (203) 653-3424
                            E-mail: slemberg@lemberglaw.com
                            Attorneys for Plaintiff